UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Chester C. Graham,

        Plaintiff,

v.                                                               Civ. No. 06-2708 (JNE/JJG)
                                                              ORDER

ACS State and Local Solutions, Inc.,
d/b/a LDC Collection Systems,

        Defendant.

---

Chester C. Graham appeared *pro se*.

Charles F. Webber, Esq., Faegre & Benson LLP, appeared for Defendant ACS State and Local Solutions, Inc., d/b/a LDC Collection Systems.

---

This is an action by Chester Graham under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692-1692*o* (2000). Graham claims that ACS State and Local Solutions, Inc. (ACS), violated the FDCPA when it attempted to collect unpaid parking fines. The case is before the Court on ACS's motion for summary judgment.[1] For the reasons set forth below, the Court grants the motion.

### I.    BACKGROUND

Graham received several letters from ACS, a collection agency, wherein ACS attempted to collect unpaid parking fines. Graham alleges that these letters violate the FDCPA.

---

[1] Graham originally filed a complaint alleging violations of the FDCPA and a Minnesota statute. ACS filed a motion to dismiss Graham's state-law claims, after which Graham filed an Amended Complaint. The Amended Complaint, which does not allege any violations of Minnesota law, supercedes the original complaint. *See In re Atlas Van Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000) ("It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect."). Accordingly, ACS's motion to dismiss is moot.

On September 28, 2006, citing health reasons, counsel for Graham filed a "Withdrawal from Representation." Counsel for Graham did not appear at the October 2, 2006, hearing. Because the legal issues presented could be resolved without oral argument, the undersigned indicated, with no objection from the parties, that the motions would be decided on the papers.

## II. DISCUSSION

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party "bears the initial responsibility of informing the district court of the basis for its motion," and must identify "those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party satisfies its burden, Rule 56(e) requires the nonmoving party to respond by submitting evidentiary materials that designate "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In determining whether summary judgment is appropriate, a court must look at the record and any inferences to be drawn from it in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

*FDCPA*

The FDCPA is directed primarily at eliminating abusive debt collection practices by debt collectors. 15 U.S.C. § 1692(e). For the FDCPA to apply, the alleged practices must be used in an attempt to collect a "debt." 15 U.S.C. § 1692d ("A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in

connection with the collection of a debt."); *see also Zimmerman v. HBO Affiliate Group*, 834 F.2d 1163, 1167 (3d Cir. 1987).

The FDCPA defines "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692a(5). The plain language of the statute indicates that the FDCPA may be triggered only when an obligation to pay arises out of a consumer transaction. *See Hicken v. Arnold, Anderson & Dove, P.L.L.P.*, 137 F. Supp. 2d 1141, 1143 (D. Minn. 2001). At a minimum, the transaction must involve a business dealing or other consensual consumer obligation. *See Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1371 (11th Cir. 1998); *Bass v. Stolper, Koritzinsky, Brewster & Neider, S.C.*, 111 F.3d 1322, 1326 (7th Cir. 1997); *Hicken*, 137 F. Supp. 2d at 1143.

Here, the alleged debt arises from one or more unpaid parking tickets.[2] The court must determine whether Graham's parking tickets arose from a "transaction," as contemplated by the FDCPA. Graham asserts no law or facts to establish that the receipt of a fine for a parking violation is a consensual consumer transaction. In fact, the record is silent on the circumstances surrounding Graham's parking violations. Moreover, the Court fails to see how the receipt of a parking ticket, which is a legally imposed fine for parking one's vehicle in an unauthorized location, can constitute a consumer transaction. *Cf. Betts v. Equifax Credit Info. Servs.*, 245 F. Supp. 2d 1130, 1133 (W.D. Wash. 2003) (holding impoundment of car was not the result of a

---

[2]   The original complaint alleged that Graham received a dunning letter "related to a municipal parking ticket." In his Amended Complaint, Graham is less direct about the source of his "indebtedness," alleging that he received dunning letters, "which may be related to municipal parking tickets." However, in his Amended Complaint, Graham does not point to any other possible source of an obligation to pay money. The Court reads the Amended Complaint to relate to a failure to pay one or more parking tickets.

consensual arrangement between car owner and towing company). For these reasons, the Court concludes that Graham has failed to establish that the parking tickets fall within the FDCPA. Accordingly, Graham's claims must be dismissed on ACS's motion for summary judgment.

*Attorney Withdrawal*

In general, an attorney whose appearance is noted in a cause on file before the Court may be permitted to withdraw only by order of the Court. D. Minn. LR 83.7(a). "Withdrawal without substitution may be granted only by a motion before the Court, for good cause shown." D. Minn. LR 83.7(c). On September 28, 2006, counsel for Graham filed a "Withdrawal from Representation." Despite procedural irregularities, the Court construes this as a motion to withdraw. Counsel for Graham cites health reasons for his need to withdraw. The Court concludes that these reasons satisfy the good cause requirement. Accordingly, the Court grants Graham's counsel's motion to withdraw.

### III. CONCLUSION

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. ACS's motion for summary judgment [Docket No. 9] is GRANTED.

2. Graham's Amended Complaint [Docket No. 15] is DISMISSED WITH PREJUDICE.

3. Graham's counsel's motion to withdraw [Docket No. 21] is GRANTED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: October 10, 2006

s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge